UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WAYNE JONATHAN SPEAKS,

                Plaintiff,

      -against-

C.O. SAEED, SHIELD #2544; COUNTY OF
NASSAU; SHERIFF MICHAEL SPOSATO;
NASSAU COUNTY SHERIFF DEPT. DIVISION
OF CORRECTIONAL;

                Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER
14-CV-6826 (JFB)(AYS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2015 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

By letter dated March 6, 2015, incarcerated *pro se* plaintiff Wayne Jonathan Speaks advised the Court that he no longer seeks to pursue this action against defendants Nassau County Sherif Department Division of Correctional and Sheriff Michael Sposato. Plaintiff has informed the Court that he seeks dismissal of those defendants from this matter and wishes to proceed only against the County of Nassau and Defendant Co. Saeed, Shield # 2544. Defendants have not objected to plaintiff's motion.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." This Court has previously held that "Rule 41 allows a plaintiff to withdraw an action as to fewer than all defendants." *Blaize-Sampeur v. McDowell*, 05-CV-4275 (JFB)(ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (collecting cases). In deciding whether to exercise discretionary authority to grant a motion to dismiss pursuant to Rule 41(a)(2), the Court should consider the following factors: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue

vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109-10 (2d Cir. 2001) (quoting *Zagano v. Fordham Univ*, 900 F.2d 12, 14 (2d Cir. 1990)); *accord Ibeto Petrochemical Indus. v. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007); *see also D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'") (quoting *Wakefield v. Northern Telecom Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)).

After evaluating these factors, the Court has concluded that voluntary dismissal is appropriate in this case. Here, plaintiff states that after "careful consideration of the respondents in this civil action" he has "come to the conclusion that all of the defendants in this case, do not hold a separate identity, or course of action in this civil action lawsuit." (ECF. No. 14, ¶ 2.) Plaintiff has concluded that Sheriff Michael Sposato has no personal involvement in the claims asserted and should be dismissed as a defendant. (*Id.* ¶ 4.) Plaintiff also determined that his claims against the Nassau County Sheriff Department Division of Correctional are more appropriately asserted against the remaining defendant County of Nassau. (*Id.* ¶ 4.) With respect to the first two factors, the Court finds that plaintiff was sufficiently diligent in requesting dismissal of the two defendants, and is operating in good faith. With respect to the third and fourth factors, the Court concludes there is limited to no prejudice to the defendants as the matter is still in discovery and risk of relitigation is low.  As to the fifth factor, plaintiff's reason for seeking dismissal without prejudice arises from his concern that the two identified defendants do not hold a separate identify from the remaining defendant (that is, the County of Nassau), or that,

in the case of Sposato, the defendant was not sufficiently involved in the claims at issue.

Accordingly, pursuant to Rule 41(a)(2), IT IS HEREBY ORDERED that plaintiff's action is dismissed without prejudice with respect to defendants Nassau County Sheriff Department Division of Correctional and Michael Sposato.

SO ORDERED.

S/ Joseph F. Bianco
JOSEPH F. BIANCO
United States District Judge

Dated: July 3, 2015
Central Islip, New York

3